**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

Eastern District of Kentucky
FILED

JUL 1 9 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 83-24-WOB
CIVIL ACTION NO. 05-35-WOB

UNITED STATES OF AMERICA                                    Plaintiff

v.

KEITH M. DENMAN                                            Defendant

### REPORT AND RECOMMENDATION

Keith Denman, presently confined in a halfway house, has filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1 in the civil action file) and a motion requesting the appointment of counsel (Doc. 3), which was resolved by separate order. The United States moved the Court to dismiss the motion to vacate (Doc. 5). Defendant filed a response to the motion to dismiss (Doc. 8). The matter is fully briefed, therefore, and has been referred to the undersigned for initial consideration and a report and recommendation. *See* 28 U.S.C. § 636(b).

### Factual Background

A full explanation of Defendant Denman's state and federal convictions is necessary background. In July of 1973, Denman was sentenced to three years on a burglary charge and to five years on an armed robbery charge in Winnebago County, Wisconsin. In September of 1974, he was convicted of escaping from the Wisconsin State Reformatory, for which he received two years to be served consecutive to his 1973 sentence, and of operating a motor vehicle without the owner's consent, for which he was sentenced to two and one-half years to be served concurrently with the others. In August of 1975, Denman was convicted of attempted escape, and a one-year

1

term was added to his 1973 and 1974 sentences, also to be served consecutively. In February of 1976, Defendant Denman pleaded guilty to escape, for which he was sentenced to a five year consecutive term of imprisonment, and to burglary, auto theft, and aiding and abetting armed burglary in the Wisconsin counties of Ozaukee and Green Lake, for which he was sentenced to seven years on each count, all to run concurrent with each other and with the present term. On July 12, 1980, while on a fishing outing with social workers in Dodge County, Wisconsin, Defendant and another inmate escaped. Although the Dodge County Sheriff's Department filed a complaint, it was later dismissed and Defendant was never convicted for the 1980 escape. He did not, however, complete the sentences imposed in 1973 through 1976. According to a letter sent to Denman in 1985, at the time of his escape, he had two years and twelve days remaining to be served in prison; he had a total of six years and ten days left on the sentence.

During the five months of freedom that followed his escape from the Wisconsin prison system, Defendant Denman committed two additional felonies: an armed robbery in Iowa, for which he was sentenced to twenty-five years, and the robbery in Kentucky that brought him within this Court's jurisdiction. Defendant Denman was convicted here on August 19, 1983, pursuant to a guilty plea to one count of taking by force, violence, and intimidation, monies from a bank insured by the FDIC in violation of 18 U.S.C. § 2113(a) and (d). He did not appeal that conviction and has filed no prior collateral attacks on either the conviction or sentence of twenty-five years. Due to the prior conviction in Iowa state court, Defendant did not begin serving his federal term of imprisonment until May 27, 1987. On November 21, 1988, Defendant was sentenced by a federal court in Indiana to serve an additional one year, to be served consecutive to the Eastern District of Kentucky sentence, for possession of marijuana. He was paroled on

2

October 28, 1997, but ordered to remain within the Eastern District of Kentucky until April 27, 2013. In March of 1998, Defendant's parole was revoked, and he was sentenced to a term of fourteen months imprisonment. He was paroled for the second time on May 27, 1999. In June of 2001, he was extradited to Wisconsin, where he was incarcerated from July 11, 2001 until January 7, 2003. [1] After another violation of his terms of release, he was returned to federal prison for an additional twelve months, beginning May 26, 2004. It was during this period of incarceration that Defendant first complained about the execution of his sentence and about his return to Wisconsin in 2001, filing the § 2255 motion on February 11, 2005.

## Analysis

The grounds urged by Defendant Denman in support of his motion appear to be that Wisconsin, by doing nothing for the four years between Denman's parole in 1997 and his arrest in 2001 "relinquished jurisdiction" over him. In the alternative, he argues that the United States, by not revoking his federal parole during his 2001-2003 state incarceration was, in effect, allowing his state and federal sentences to run concurrently, in violation of his federal constitutional rights. Therefore, the United States "relinquished jurisdiction" in 2001. He asks the Court for whatever relief might be available, including compensatory and punitive damages. Presumably, he wants credit against each system's end supervision date over him for the time

---

[1] Defendant Denman mistakenly believes that he was extradited based on the dismissed charges relating to the July 12, 1980 escape from Fox Lake. *See* Doc. 1, pp. 2-3, 7. He was not. He was returned to Wisconsin to serve the sentence he was serving when he escaped. Wisconsin law does not credit any time after escape towards the original sentence: "If a convicted offender escapes, the time during which he or she is unlawfully at large after escape shall not be computed as service of the sentence." Wis. St. Ann. § 973.15(7)(quoted in Doc. 1, Exh. # 22). Nor would any of the time served in other prison systems count as a credit toward that original state sentence, because it was not "in connection with the course of conduct for which sentence was imposed." *See* Wis. St. Ann. § 973.155(1)(a).

3

served in the other system.[2] Unfortunately for Defendant Denman, by all applicable measures, the statute of limitations had run before he filed his motion under § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), signed into law on April 24, 1996, amended the statute of limitations for filing claims under 28 U.S.C. § 2255. 28 U.S.C. § 2255, ¶ 6, as amended, provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Looking first at (1), in the context of postconviction relief, the Supreme Court has held that a judgment becomes final only "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. U.S.,* 537 U.S. 522, 527 (2003). However, where a criminal defendant fails to file a direct appeal of his conviction or sentence, the judgment becomes final ten days after entry

---

[2]While he actually complains that the concurrent running of sentences is illegal and a violation of his rights, *see* Doc. 1, p. 9, Defendant Denman seems to be confused about the meaning of "concurrent" and "consecutive" sentences. Concurrent means that both continue running; consecutive, in this context, would mean that the sentences must be served one after the other. Therefore, it would be to his benefit to have the remaining portions of his Wisconsin and federal sentences running concurrently.

of that judgment. *Sanchez-Castellano v. U.S.,* 358 F.3d 424, 426 (6th Cir. 2004). For purposes

of this section, Defendant Denman's conviction became final on September 2, 1983, ten days

after the judgment of conviction was entered, because he did not appeal that judgment. As the

date on which Defendant Denman's conviction became final is long before the effective date of

the amendments to § 2255, which established the one-year statute of limitations, he had a one-

year grace period within which to file his motion to vacate sentence. *See Hyatt v. U.S.*, 207 F.3d

831, 832 (6th Cir. 2000). He had until April 24, 1997 to file the motion and was still in federal

custody on that date. That he failed to file it before that date resolves the analysis of § 2255, ¶

6(1).

      Defendant Denman makes no argument that (2) or (3) above should apply to his case;

under the facts of record, no such arguments could have been made. However, as the "facts

supporting the claim" may not have been known to him until some later point in time, (4) must

be examined carefully as well. Denman claims to have thought that Wisconsin no longer had any

right to send him back to prison, because they did not do so shortly after his parole in 1997. He

learned that his belief was wrong in June of 2001, when he was extradited to Wisconsin.

Running the one-year statute of limitations from that date again reveals that that claim was not

timely filed. If, indeed, the four-year delay in extraditing him after his parole violated his

constitutional rights, he had the facts he needed to make such a claim in June of 2001.

      Finally, Defendant Denman also argues that by allowing Wisconsin to incarcerate him,

the United States lost its right to continue its supervision and to re-imprison him for violating the

terms of his supervised release. According to his letter to the Court, which was attached to his

§ 2255 motion, the resumption of federal supervision happened "[v]ery soon" after his release

5

from prison in Wisconsin on January 7, 2003. In early 2003, therefore, Defendant Denman had

the facts he needed to raise this final claim. He did not do so until February 11, 2005,

approximately two years after he learned that the United States intended to continue his

supervised release status. Therefore, this claim, too, is untimely.

In conclusion, under the statute of limitations expressed in either (1) or (4) of § 2255, ¶ 6,

Defendant Denman's motion was not timely filed. At the very latest, he should have filed the

motion within one year of the United State Probation Office's resumption of his supervision in

early 2003. He did not.

Nor does the doctrine of equitable tolling, mentioned briefly in the United States'

memorandum in support of its motion to dismiss, provide any relief from the operation of the

statute of limitations expressed in § 2255. A court must consider five factors to determine

whether a statute of limitations should be tolled under this doctrine: 1) the petitioner's "lack of

notice of the filing requirement;" 2) the petitioner's "lack of constructive knowledge" of that

requirement; 3) the petitioner's "diligence in pursuing [his] rights;" 4) the "absence of prejudice"

to the respondent; and, 5) the petitioner's "reasonableness in remaining ignorant of the legal

requirement" that he timely file his claim.[3] *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir.

2001)(citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) and applying it in the context of

an untimely § 2255 petition); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). The

petitioner bears the burden of proof on these factors and must provide a "satisfactory explanation

for his failure to timely file" his petition; if he does not provide such an explanation, he has not

---

[3]Although the United States contends that equitable tolling is only available under
"extraordinary circumstances beyond a prisoner's control," that standard was rejected by the
*Dunlap* court in favor of the listed factors.

6

exercised the requisite "due diligence" in pursuing the claim. 250 F.3d at 1010. The five factors are not comprehensive, nor are each of them relevant in every case; therefore, courts must decide equitable tolling issues on a "case-by-case" basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Defendant Denman's letter and motion probably establish the first two factors in his favor; he likely lacked actual or constructive knowledge of the requirements for filing such a motion. However, he offers no explanation for waiting approximately two years, at the least, before taking any steps toward protecting his own rights or toward learning the proper avenues to do so. He has not met his burden, therefore, on the third or fifth factors of the test. One of his alleged claims arose in June of 2001, and the other in early 2003; he offers no explanation for his failure to inform himself of the filing requirements. Under the precedent set in *Dunlap*, therefore, he failed to exercise "due diligence" in pursuing these claims. As was the case in *Dunlap*, therefore, the doctrine of equitable tolling should not apply to Defendant Denman's case. *See id.*

Therefore, even if the claims raised in Defendant Denman's § 2255 motion were of a nature properly raised in such a motion, which the United States contends they are not, the motion was not timely filed and should be dismissed.

**<u>Conclusion</u>**

Accordingly, as the Defendant's claims are barred by the applicable statute of limitations under 28 U.S.C. § 2255,  IT IS RECOMMENDED THAT Defendant's "Motion to Vacate" [Doc. 1] be DENIED, that the United States' "Motion to Dismiss" [Doc. 5] be GRANTED, and that this case be dismissed from the active docket.

Particularized objections to this Report and Recommendation must be filed with the

7

Clerk of Courts within ten days of service, or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).   A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).   A party may file a response to another party's objections within ten days after being served with a copy of those objections. Fed. R. Civ. P. 72(b).

Dated the _____ **/ 9** _____ day of July, 2005.


J/GREGORY WEHRMAN
UNITED STATES MAGISTRATE JUDGE

8